FRANCIS E. SWEENEY, P.J., PRYATEL and STILLMAN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

The **STATE** of Ohio, Appellant,

v.

**HUMPHREY, Appellee.**

[Cite as *State v. Humphrey* (1990), 70 Ohio App.3d 336.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59658.

Decided Nov. 19, 1990.

*John Smerillo,* Assistant Prosecuting Attorney, for appellant.

*Russell Baron,* for appellee Lorenzo Humphrey.

---

*Per Curiam.*

Appellant's assignment of error is overruled. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252. Although probable cause to arrest is not required for a brief, investigative stop, *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–1880, 20 L.Ed.2d 889, 904–905, the detention must be justified by specific and articulable facts indicating that the detention was reasonable. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673–674; *State v. Chatton* (1984), 11 Ohio St.3d 59, 61, 11 OBR 250, 251–252, 463 N.E.2d 1237, 1239, certiorari denied (1984), 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116. The only circumstance the arresting officer could specify to justify his stop was a punched-out hood lock on a 1969 model automobile which was otherwise in bad condition. Since a missing lock, without more, does not justify appellee's detention, the trial court properly suppressed evidence obtained in the subsequent search.

Affirmed.

*Judgment affirmed.*

JOHN V. CORRIGAN, P.J., NAHRA and FRANCIS E. SWEENEY, JJ., concur.